UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP CLARK and TANIA HARRIS,

    Plaintiffs,

-vs-                                                        Case No. 8:08-cv-400-T-24-MAP

PETER JAMES PORCELLI, II et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Thomas Clayton Little's motion to dismiss (Doc. 6). Plaintiffs have filed no response.

**I. INTRODUCTION**

On July 29, 2008, Defendant Little filed a motion to dismiss the complaint for failure to sufficiently state a claim against him. He also moved for monetary sanctions. As of today, Plaintiffs have not filed a response to the motion. The allotted time for a response has been thoroughly eclipsed.

**II. BACKGROUND**

Plaintiffs, Florida homeowners allegedly defrauded by Defendants, filed a six-count Complaint alleging claims under RICO, the federal Truth in Lending Act, the Florida Unlawful Mortgage Brokering and Mortgage Lending Act, the Florida usury statute, and civil conspiracy laws. Plaintiffs allege Defendants clouded the titles on Plaintiffs' real estate properties pledged as collateral by Plaintiffs for unlawful, usurious loans made by Defendants. Thomas Clayton Little seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and

9(b), claiming that Plaintiffs fail to state claims upon which relief can be granted and fail to satisfy the heightened pleading-standard required for RICO and fraud claims. (Doc. 6.) After consideration, the Court grants the motion to dismiss without prejudice.

### III. STANDARD OF REVIEW

*A. Rule 12(b)(6)*

The Federal Rules of Civil Procedure generally do not require a plaintiff to set out in detail the facts upon which he bases his claim. Instead, all that is ordinarily required is that the claimant set forth a "short and plain statement of his claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, U.S. , 127 S.Ct. 1955, 1964 (2007) citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed.R.Civ.P. 8(a)(2). Thus, a plaintiff is obliged to provide the "grounds" of his "entitlement to relief," rather than mere labels, conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise [the claimant's] right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965 (citations omitted).

*B. Rule 9(b)*

Claims of fraud present an exception to the "notice" pleading protocol. Five of the Plaintiffs' six counts sound in fraud. Consequently, Plaintiffs must meet Rule 9(b)'s heightened pleading standard: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, Plaintiffs must allege facts as to the time, place, and substance of the Defendants' alleged fraud, the details of Defendants' allegedly

fraudulent acts, when they occurred and who engaged in them. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005); *Brooks v. Blue Cross Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). "For [a] civil RICO claim, the Eleventh Circuit's pleading requirements per Rule 9(b) are more specific: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Construction Co. v. Pages Morales,* 482 F.3d 1309, 1316-17 (11th Cir. 2007) (affirming dismissal of complaint for failure to meet Rule 9(b) requirements). Additionally, Plaintiffs must link their specific allegations to the causes of action pled in their complaint. *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1278-79 (11th Cir. 2006). Finally, Rule 9(b) requires Plaintiffs to inform each Defendant about the nature of his alleged participation in the fraud. *Id.*

## IV. DISCUSSION

### *A. Count I- Civil RICO*

Pursuant to 18 U.S.C. § 1962(c), it is unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." In order to establish a federal civil RICO violation under § 1962(c), a plaintiff must prove four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Williams v. Mohawk Indus., Inc.,* 465 F.3d 1277, 1282-83 (11th Cir. 2006). Furthermore, in civil cases, RICO plaintiffs must also satisfy the mandates of 18 U.S.C. § 1964(c). Under this provision, civil RICO claimants must

3

prove (1) requisite injury to "business or property," and (2) that such injury was "by reason of" the substantive RICO violation. 18 U.S.C. § 1964(c).

*1. Enterprise*

Looking at the first two elements of a § 1962(c) claim, Plaintiffs must establish "conduct of an enterprise" having a common goal. *Williams,* 465 F.3d at 1283-84 *(quoting United States v. Turkette*, 452 U.S. 576 (1981)). An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individual associated in fact." 18 U.S.C. § 1961(4). "The existence of an enterprise is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Williams, supra,* at 1284 (citation omitted).

In addition, although Plaintiffs need not establish that a defendant is primarily responsible for the enterprise's affairs, the Plaintiffs must allege facts showing that each Defendant had "some part in directing the affairs of the enterprise." *Williams,* 465 F.3d at 1285. "[L]iability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required." *Reves,* 507 U.S. at 179. Thus, in order to survive a 12(b)(6) motion, a plaintiff must offer specific factual assertions as to how the defendants participated in the operation or management of the RICO enterprise. *In re Managed Car Litigation*, 298 F.Supp. 2d 1259, 1276-77 (S.D. Fla. 2003).

While this Circuit has never required anything other than a "loose or informal" association of distinct entities, the facts alleged here are insufficient. *See Williams*, 465 F.3d at 1284. Plaintiffs assert that Defendants were "associated with or employed by the RICO Enterprise," Safe Harbour Foundation of Florida, Inc., engaged in acts constituting a pattern of

4

racketeering activity, and "participated directly or indirectly in the conduct of the RICO enterprise's affairs through the collection of unlawful debt." (Compl., p. 10.) However, Plaintiffs do not provide *specific* facts in support of these claims or of any assertion that Defendant Little had "some part in directing the affairs of the enterprise." *See Reves,* 507 U.S. at 179. The above-mentioned allegations are entirely the conclusory recitation of the prima facie case that are insufficient to establish a RICO claim.

Plaintiffs do somewhat specify their allegations in claiming that Defendant Little, despite being aware of federal injunctions against the conspiracy activities, assisted in the formation of criminal enterprises, aided usurious lenders in enforcing illegal contracts by filing lawsuits for specific performance in state court, and received payment for his services from the profit made by the illegal loans. (Id. at 5, 10.)

These facts, while sufficient to paint a clearer picture of predatory behavior, do not provide the detail with regard to the specific criminal transactions, the events comprising those transactions, or the methods of "assistance" or "aid" in illegal ventures to the degree necessary so as to put Defendant Little on notice of the activity being charged.

Hence, Plaintiffs' rather vague and somewhat conclusory allegations fail to state a RICO claim upon which relief may be granted. *See Twombly, supra.*

### 2. Injury to business or property caused by RICO violation

To assert a civil RICO cause of action, Plaintiffs must also prove (1) requisite injury to "business or property," and (2) that such injury was "by reason of" the substantive RICO violation. 18 U.S.C. § 1964(c). Plaintiffs allege that they and others have suffered extreme economic damage, and are entitled to recover the same." (Compl., p. 11.) Defendants claim

these allegations are insufficient because they fail to specify acts that proximately resulted in the damage. *See Williams,* 465 F.3d at 1286 quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985).

Plaintiffs never allege specific transactions, the details of those specific transactions, or the nature by which the specific transactions transpired resulting in injury. Thus, Plaintiffs have failed to sufficiently plead this element of their claim as well.

### *B. Counts II—V*

Plaintiffs do not reference Defendant Little in Claims II, III, IV, or V, and therefore, these claims need not be addressed.

### *C. Count VI - Civil Conspiracy*

The final claim also suffers from a lack of particularity. Plaintiffs' conclusory allegation that Defendants "conspired among themselves and with others to commit illegal acts and to use illegal methods" (Compl., p. 16) is insufficient to state a claim for civil conspiracy under the rule 9(b) standard.

### V. CONCLUSION

Plaintiffs' Complaint was drafted "shotgun" style with antecedent allegations incorporated by reference into each claim for relief and a lack of connectivity of facts to the causes of action. The claims are also conclusory. However, because the Eleventh Circuit prefers to provide a plaintiff an opportunity to amend a complaint when it appears that a more carefully drafted complaint might state claims upon which relief may be granted, Plaintiffs are hereby granted an opportunity to amend their allegations in an effort to set forth more particular averments against Defendant Little. *Friedlander v. Nims*, 755 F.2d 810 (11th Cir. 1985)

(complete dismissal appropriate only after court gives plaintiff notice of complaint's deficiencies and an opportunity to amend).

Accordingly, it is hereby ORDERED that:

1. Defendant Little's motion to dismiss (Doc. 6) is granted without prejudice; and

2. Plaintiffs are directed to file a second amended complaint on or before February 10, 2009, if they can appropriately do so. If Plaintiffs fail to file a Second Amended Complaint by February 10, 2009, the Court will dismiss with prejudice as to Defendant Thomas Clayton Little.

DONE AND ORDERED this 27th day of January, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record